
# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–15–277

| | |
|---|---|
| KENDRICK R. DUKES<br>APPELLANT | **Opinion Delivered:** January 13, 2016 |
| V. | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. CR–12–311] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID G. HENRY, JUDGE |
| | AFFIRMED; MOTION TO BE RELIEVED GRANTED; REMANDED WITH INSTRUCTIONS TO CORRECT SENTENCING ORDER |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's sentencing order entered on September 5, 2014, showing his convictions by jury of battery—second degree; resisting arrest; possession of marijuana (sch. VI)(< 4oz); possession of controlled substance schedule IV, V 28g; and fleeing on foot. Appellant's counsel has filed a no-merit brief and a motion to be relieved as counsel, pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(k),[2] stating that there are no meritorious grounds to support appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant failed to file pro se points for reversal. We affirm appellant's

---

[1] 386 U.S. 738 (1967).

[2] (2011).

convictions, grant counsel's motion to be relieved as counsel, and remand with instructions to correct the sentencing order.

Appellant was stopped for violation of a city noise ordinance by Officer Cody Church of the Stuttgart Police Department on September 21, 2012. Appellant did not immediately stop, but continued on a short distance to the parking lot of an apartment complex. Upon stopping and being advised not to get out of the car, appellant exited the vehicle. After being grabbed by Officer Church, who had advised him that he was under arrest, appellant fled on foot into nearby bushes. As he fled, Officer Church saw appellant discard a black item. Appellant and Officer Church fell into a briar patch when appellant tripped. During Officer Church's attempted apprehension of appellant, appellant elbowed Officer Church in his head. Other officers arrived as Officer Church escorted appellant to the police car where he was taken into custody. One of those officers discovered the black item that appellant discarded. The black item was a bag containing marijuana and approximately twenty pills; the pills were later identified as carisoprodol, a schedule IV controlled substance.

Appellee filed an amended information on November 25, 2012, charging appellant with the crimes of battery—second degree; resisting arrest; possession of marijuana (sch. VI)(<4oz); possession of controlled substance - schedule IV, V<28g; and fleeing on foot.[3]

---

[3] Appellant was charged in an original information filed November 2, 2012, with battery—second degree; two counts of possession of controlled substance - schedule I/II, Not Methamphetamine or Cocaine < 2g; resisting arrest; possession of marijuana (sch. VI)(< 4oz); and fleeing on foot. Appellant was also charged with fleeing in a vehicle; however, the jury acquitted him of that charge.

SLIP OPINION

A trial was held on August 28, 2014. At the trial's conclusion, the jury found appellant guilty on all five charges and sentenced him accordingly. On September 3, 2014, the circuit court entered an order of jury verdict reflecting the jury's verdicts of guilt and conforming to its sentencing recommendations, which were to be served concurrently. This timely appeal followed.

In compliance with *Anders* and Rule 4–3(k), counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered each action that was adverse to appellant below. After carefully examining the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit.

Finally, we note that the sentencing order contains multiple errors. First, the sentencing order states that appellant was found guilty of fleeing in a vehicle at a jury trial and sentenced by a jury to zero months in the county jail. It also shows that that same charge was nolle prossed. However, the order of jury trial verdict states that the jury found appellant not guilty of fleeing in a vehicle. Additionally, the sentencing order fails to show that appellant was sentenced at a jury trial by a jury of fleeing on foot. The circuit court is hereby instructed to correct these errors. Accordingly, we affirm, grant counsel's motion to be relieved, and remand with instructions.

Affirmed; motion to be relieved granted; remanded with instructions to correct sentencing order.

GRUBER and HIXSON, JJ., agree.
*Doralee Chandler*, for appellant.
No response.